IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

AMY N. LAYTON                                                                                           PLAINTIFF

v.                                                     CIVIL NO. 21-3026

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Amy N. Layton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for SSI on December 21, 2018, alleging an inability to work due to major depression, a severe social anxiety disorder, and post-traumatic stress disorder.  (Tr. 70, 167).  An administrative telephonic hearing was held on August 31, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 36-67).

By written decision dated October 1, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

Specifically, the ALJ found Plaintiff had the following severe impairments: social anxiety disorder, major depressive disorder, and a personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: she is able to perform only simple, routine and repetitive task jobs where supervision would be simple, direct, and concrete and Dictionary of Occupational Titles (DOT) required reasoning level would not exceed 2; where no more than occasional changes to the work place setting are required; and with no interaction with the general public.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a hand packer, a printed circuit board assembler and a merchandise packager. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after considering additional evidence submitted by Plaintiff, denied that request on March 10, 2021. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.   Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it

adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) The ALJ's RFC determination is unsupported by substantial evidence; and 2) The ALJ erred in failing to make a proper credibility finding.

The regulations provide that the Appeals Council must evaluate the entire record, including any new and material evidence that relates to the period before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The newly submitted evidence thus becomes part of the "administrative record," even though the evidence was not originally included in the ALJ's record. *See Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992). If the Appeals Council finds that the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence, including the new evidence, it will review the case. *See* 20 C.F.R. § 404.970(b).  Here, the Appeals Council denied review, finding that the new evidence, dated October 28, 2020, and November 9, 2020, respectively, did not relate to the time period at issue. In these circumstances, the Court does not evaluate the Appeals Council's decision to deny review, but rather the Court determines whether the record as a whole, including the new evidence, supports the ALJ's determination. *See Kitts v. Apfel*, 204 F.3d 785, 786 (8th Cir. 2000) ("When the Appeals Council has considered new and material evidence and declined review, we must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence.").

In this case, the record reveals Plaintiff's on-going and consistent treatment for depression, social anxiety disorder and avoidant personality disorder. Therapy notes consistently referenced Plaintiff's desire to stay in her bedroom and her struggle to even leave her bedroom, let alone her home. The new evidence submitted to the Appeals Council includes a letter dated October 28, 2020, from Plaintiff's therapist, Ms. Tracy Vonallmen, LCSW, which appears to further explain the medical assessment she completed on behalf of Plaintiff on November 25, 2019, wherein, she opined that Plaintiff significantly struggled with symptoms of depression, anxiety, and a personality disorder on a daily basis which frequently left Plaintiff unable to even leave her bedroom. (Tr. 8-11, 473-477). In the October 28, 2020, letter Ms. Vonallmen stated she had observed Plaintiff's consistent significant symptoms of anxiety, personality disorder, and depression to the point of "inhibition of normal daily functioning." (Tr. 8). Had the ALJ had this medical evidence before him when making the decision in this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new evidence.

On remand, the ALJ is also directed to address interrogatories to a medical mental health professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 16th day of June 2022.

/s/     *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE